UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

AIDO OMAR,

Petitioner,

v.

TODD BLANCHE, U.S. Attorney General; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; JASON KNIGHT, Field Office Director Of Enforcement and Removal Operations, Salt Lake City Field Office; KENNETH PORTER, Field Office Director, ICE Boise Field Sub-Office; MIKE HOLLINSHEAD, Sheriff of Elmore County,

Respondents.

Case No. 1:26-cv-00658-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Before the Court is Petitioner Omar's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Motion for Temporary Restraining Order ("TRO") (Dkt. 2).

The Court expedited briefing on the matters. Dkt. 5. The Government opposes Omar's Petition. Dkt. 6. Omar filed a traverse[1] in response (Dkt. 8) as well as an Emergency Motion To Expedite (Dkt. 9).

[1] A traverse is a responsive brief; however, it is typically used to dispute facts or claims in a prior brief. Omar does not specifically explain what he is disputing in the Government's brief. Thus, the Court views this document simply as a reply brief.

Upon review, and for the reasons set forth below, the Court DENIES Omar's Petition and denies the TRO and Emergency Motion to Expedite as MOOT.

## II. BACKGROUND

Omar is a native and citizen of Iraq who was last admitted to the United States on February 01, 2020, as a nonimmigrant with a F1 student visa. He had permission to remain in the United States until February 08, 2024. Omar's F1 student visa was terminated early, but he remained in the United States.

On February 01, 2021, Omar filed an Application for Asylum and for Withholding of Removal. Omar was also charged with removability because of his failure to comply with the conditions of the nonimmigrant status for which he was admitted. These two proceedings began working their way through the immigration system.

On March 16, 2024, Omar was arrested and charged with rape in Canyon County, Idaho. On or about September 03, 2024, Omar entered an Alford plea of guilty to three counts of misdemeanor battery. Based upon this, ICE conducted an individualized custody determination and concluded Omar would be held without bond because of the risk he presented to the community. On October 07, 2026, a Warrant for Arrest was issued, and Omar was detained under 8 U.S.C. § 1226(a). That day, Omar was also served with a Notice to Appear ("NTA"), a Form I-286 Notice of Custody Determination,[2] and told he could seek review by an immigration judge of the custody determination.

On October 21, 2026, Omar appeared before an immigration judge in Tacoma,

[2] Omar refused to sign the I-286 form. That form was accepted by the immigration court on October 15, 2026.

Washington for a master hearing. He is scheduled for a bond hearing on Wednesday, October 28, 2026.

## III. DISCUSSION

### A. Habeas Petition and TRO

The Court has addressed countless immigration-habeas petitions over the last year, all relating to the detention provisions at §§ 1226(a) and 1225(b)(2). Until recently, ICE treated every noncitizen who entered without inspection as subject to mandatory detention under § 1225(b)(2)(A)—regardless of when they were apprehended or how long they had lived in the United States. The Ninth Circuit has now definitively ruled that § 1226 applies to unadmitted aliens present in the interior of the country, while § 1225 applies to unadmitted aliens entering the United States at the border. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1193 (9th Cir. 2026).

To determine whether a due process violation occurred, the Court begins with the regulatory framework governing an alien's initial detention and custody determination under § 1226(a). The Immigration and Nationality Act authorizes the Government to arrest and detain an alien who is subject to removal from the United States. §§ 1226(a), 1357(a)(2). The regulations governing an alien's detention following arrest provide different procedures depending on whether the arrest was made pursuant to a warrant. A noncitizen detained without a warrant must receive an initial custody determination within 48 hours of arrest, absent an emergency or extraordinary circumstance. 8 C.F.R. § 287.3(d). The alien will be released if he "demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear

for any future proceeding." 8 C.F.R. § 236.1(d). If the alien is denied bond, or was arrested pursuant to a warrant, he can seek an individualized bond hearing before an immigration judge at any time before a final order of removal. *Id.*[3]

Omar is entitled to the process due under the statute. As a noncitizen detained under § 1226(a), this includes the statutory right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Here, however, there has not been an opportunity for the application of agency expertise in reviewing ICE's custody determination. The record in this case establishes ICE made an initial custody determination and served Omar with Form I-286 and a NTA. That process is still ongoing.

While exhaustion is not always a condition precedent to filing a habeas petition, were the Court to intervene now, doing so might encourage detained noncitizens to deliberately bypass the established administrative scheme, which contemplates discretionary bond determinations by immigration judges, not federal district courts. What's more, a bond hearing before an immigration judge may provide Omar with the same relief he seeks here and eliminate the need for habeas review.

Omar has brought additional arguments regarding the fairness of the bond hearing process. The Court has begun to see these arguments in other petitions. Simply put, Omar

[3] As noted, Omar was arrested pursuant to a warrant.

(and others) are asserting the bond process itself is a sham because immigration judges are denying bond as a matter of course.[4] But again, the solution is not for the federal district court to intervene, but for petitioners to appeal. The process may not be perfect, but it is a process, nonetheless. And without some indication that Omar's rights have been or will be violated, the Court cannot find a due process violation at this time.

If, after the administrative process concludes—including all appeals—Omar is still unsatisfied, he retains the ability to file suit and seek review. But this case, based on these facts, has concluded.

**B. Emergency Motion (Dkt. 9)**

Omar's upcoming bond hearing on October 28, 2026, is the impetus for his Emergency Motion to Expedite. *See generally* Dkt. 9. Omar claims the Court should release him right away because he has shown a particularized harm—namely: freedom from custody, the financial strain of being incarcerated, the financial strain of any bond to be imposed, and the statistical likelihood that a bond will be denied anyways. If the Court is not inclined to grant release immediately, Omar postures it should, nevertheless, prospectively order his release in the event the immigration judge denies bond.

For the reasons outlined above, the Court will not grant this motion. The immigration judge is in the best position to determine whether Omar should be detained or released pending the outcome of his immigration proceedings. The Court will not supplant

[4] The Court appreciates Omar's arguments. The Court is aware that far fewer petitioners are being released on bond than in prior years. However, the Court is aware that some petitioners have been recently released on bond. Whether this speaks to a new (or higher) standard being applied by immigration judges, a new policy, or something else entirely is not for the Court to decide.

that process by releasing Omar now *nor* will the Court issue a ruling that would, in essence, override the immigration judge.[5]

## IV. ORDER

1. Omar's Petition for Writ of Habeas Corpus (Dkt. 1) is DENIED.
2. This case is remanded to ICE for further proceedings.
3. Omar's Motion for Temporary Restraining Order (Dkt. 2) is DENIED AS MOOT.
4. Omar's Emergency Motion (Dkt. 9) is DENIED.
5. This case is CLOSED.

DATED: October 26, 2026

David C. Nye
U.S. District Court Judge

[5] The Court finds this request particularly troubling. Omar is basically asking that the Court overrule the immigration judge before the immigration judge has even ruled. The Court will not take any such action.